IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-254-FL

| | | |
|---|---|---|
| DINH Q. TRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NOVO NORDISK PHARMACEUTICAL, | ) | |
| | ) | |
| Defendant. | ) | |

The case comes before the court on plaintiff's motion for default judgment (DE 12) and defendant's motion to dismiss (DE 13). For reasons herein set forth, both motions are denied. Defendant's motion is read by the court under the circumstances presented as one sounding as a motion to quash service of process colorably made upon it. That motion will be allowed. However, the case will remain on the docket pending effective service. Plaintiff shall have thirty (30) days to accomplish service of process on the defendant.

BACKGROUND

Plaintiff, proceeding *pro se*, brings this employment discrimination action before the court by complaint filed April 30, 2014, alleging defendant unjustly fired him. Summons was issued to defendant as named above and served via certified mail at a physical address which records of the North Carolina Department of the Secretary of State inform is the physical address of Novo Nordisk Pharmaceutical Industries, Inc.

Plaintiff's return of service evidences that service was accomplished May 2, 2014, upon

receipt of summons and complaint by and through an individual named Sharon Tucker, whose signature appears on the receipt. Defendant's response time therefore elapsed on May 27, 2014.

On May 27, 2014, counsel for Novo Nordisk Pharmaceutical Industries, Inc. noticed his appearance and filed a motion for extension of time which incorrectly made reference to a service date of May 7, 2014. Defendant's response time was counted from that date, and a twenty-one (21) day extension up to and until June 18, 2014, was allowed.

Plaintiff then filed the instant motion for default judgment, wherein he complains of defendant's misstatement to the court as to the date of service and asserts entitlement now to a judgment by default. No entry of default has been requested or made to date. In its response, defendant relates error that caused counsel's reliance on a May 7, 2014, service date and points out lack of any entry of default being made in the case, in preface to plaintiff's motion.

On June 18, 2014, response was made to the complaint by defendant in the form of a short motion to dismiss without supporting memorandum. Defendant threads nearly every subpart of Rule 12 in its motion which largely rests on asserted insufficiency of process and service of process and failure to state a claim against Novo Nordisk Pharmaceutical Industries, Inc. Plaintiff's swift response to this motion includes copies of various documentation generated in the name of Nova Nordisk Pharmaceutical by the defendant, as well as by the North Carolina department of Commerce, Division of Employment Security, using the same address used by plaintiff in his service effort.

COURT'S DISCUSSION

Defendant has shown that Novo Nordisk Pharmaceutical Industries, Inc. is its correct name. It also appears that it goes by the name "Novo Nordisk Pharmaceuticals" as a shorthand. Novo

2

Nordisk Pharmaceutical Industries, Inc. has actual notice of the instant litigation brought by the *pro se* plaintiff but is unwilling to waive defect.

The court finds there is a violation of Rule 4 in the delivery of the summons and complaint where defendant disputes the capacity of Sharon Tucker to receive service of process. However, this court has discretion to retain the case inasmuch as defect in name on the summons and lack of direction of process to one authorized so to receive under Rule 4 of the Federal Rules of Civil Procedure are curable defects.

Where the first service of process is defective, given the exercise of this court's discretion to retain the case on the docket pending effective service, defendant's motion is read as one sounding as a motion to quash service of process colorably made upon it. This motion is ALLOWED; however plaintiff shall have thirty (30) days to accomplish service on the defendant. Plaintiff's motion for default judgment therefore is DENIED.

SO ORDERED, this the 22nd day of July, 2014.

LOUISE W. FLANAGAN
United States District Judge