IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-254-FL

| | |
|---|---|
| DINH Q. TRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NOVO NORDISK PHARMACEUTICAL ) | |
| INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes now before the court upon defendant's motion for judgment on the pleadings. (DE 38). After careful review of the filings in support of and in opposition to said motion, and the applicable law, the court must conclude that defendant is not entitled to judgment on the pleadings.

STATEMENT OF THE CASE

Briefly, plaintiff, now counseled, brought this employment discrimination action *pro se*. Upon counsel's entry, a second amended complaint was filed, clarifying his allegations. Defendant denies any theory of liability, and asserts a counterclaim premised upon having entered into a settlement with defendant, rendering this action baseless.

DISCUSSION

A.  Standard

In reviewing a motion for judgment on the pleadings, under Rule 12(c), the court applies "the same standard" as for motions to dismiss made pursuant to Rule 12(b)(6). Edwards v. City of

Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

B.  Analysis

Defendant relies on documentation not made a part of the complaint but, rather, various attachments to defendant's Answer to Second Amended Complaint and Counterclaim (DE 33). The court may consider such documents if "they are integral to the complaint and authentic."

Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012) These documents of or pertaining to a settlement are not integral to the complaint, and therefore may not be considered without converting the instant motion to one for summary judgment. Even if the court could consider them in regards to the motion now before it, there are contested issues arising which militate against entry of judgment on the pleadings.

As explained below, without offering any comment as to the likelihood of plaintiff's success in the action, things are not so clear as defendant sees them in this case. The Mediated Settlement Agreement ("MSA") entered into March 17, 2014, provides in part that the parties will enter into a "standard Compromise Settlement Agreement ("CSA") which complies with N.C.G.S. 97-17." This is the Agreement of Final Settlement and Release ("Clincher"), dated May 15, 2014, with reference to any claim under the North Carolina Workers' Compensation Act ("Act"), which provides in part "that the parties agreed to pay the mediator's fees under a separate agreement."

Plaintiff failed and refused to execute the sweeping Confidential Settlement Agreement and General Release ("Agreement and Release") later drafted by defendant, referred to in the Agreement for Global Employment Release ("Agreement"), which Agreement was executed contemporaneous with the MSA. He did not offer any counter-proposal but kept the consideration offered by defendant "in exchange for this agreement," entered into March 17, 2014, wherein plaintiff "agree[s] to execute a mutually acceptable Release of All Claims to be prepared by Employer or Employer's representative."

Plaintiff points to language issues which defendant would seek to dispute, bearing on his knowledge and understanding. The court observes from attachment to plaintiff's Answer to Counterclaim, (DE 27), that an interpreter was utilized at a May 13, 2014, meeting at which, it

3

appears, the Agreement and Release was reviewed by plaintiff and his counsel. The Agreement and Release refers to the same consideration, that is payment of the mediator's fee, referred to in the Agreement. Defendant characterizes the Agreement as a release of claims beyond the scope of the MSA, including those pressed in this lawsuit, but on the strength of the argument offered here, this is not so clear.

The word "Global" appears in the document's title and it does read that the Agreement is an "agree[ment] to execute a mutually acceptable Release of All Claims." However, plaintiff disputes the meaning of "All Claims," urging it should be limited to claims under the Act. The terms of the MSA, subject to approval by the North Carolina Industrial Commission, necessarily are limited to claims and demands under the Act.

Where the issues raised are not susceptible to decision on a motion for judgment on the pleadings, for the reasons noted, defendant's motion is denied.

## CONCLUSION

Where defendant's motion for judgment on the pleadings is DENIED, the court LIFTS the STAY of discovery. Further order on scheduling will follow, also with regard to the parties' joint report and plan.

SO ORDERED, this the 27th day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge